UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CVB, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) Court No. 24-00036 ) ) ) ) ) ) |

# COMPLAINT

Plaintiff CVB, Inc. ("CVB" or "Plaintiff"), by and through its counsel, respectfully submits to the Court this Complaint in the above-captioned case.

## ADMINISTRATIVE DETERMINATION CONTESTED

1. This action seeks judicial review of certain aspects of the U.S. Department of Commerce's (the "Department" or "Commerce") final scope determination issued in response to the scope inquiry filed by Zinus, Inc. ("Zinus") with respect to whether the metal and wood platform beds that Zinus imports in the United States are covered by the antidumping duty order on wooden bedroom furniture from the People's Republic of China, Case No. A-570-890 (the "Order"). *See generally* Mem. from L. Caruso to J. Maeder Re: Wooden Bedroom Furniture from the People's Republic of China: Scope Ruling on Zinus Inc.'s Metal and Wood Platform Beds (Dep't Commerce Jan. 11, 2024) ("*Metal and Wood Platform Beds Scope Ruling*").

1

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(ii) and 516(a)(2)(B)(vi) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(vi).

## STANDING

3. Plaintiff is a U.S. importer of wooden bedroom furniture, and was a party that actively participated in the administrative proceeding that led to the *Metal and Wood Platform Beds Scope Ruling*. Therefore, Plaintiff is an "interested party" within the meaning of 19 U.S.C. § 1516a(f)(3), 19 U.S.C. § 1677(9)(A), and 28 U.S.C. § 2631(k)(1). As an interested party that participated in the underlying administrative proceeding, Plaintiff accordingly has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

4. The *Metal and Wood Platform Beds Scope Ruling* was issued and mailed (via Federal Express) on January 16, 2024. *See* Mem. to The File from L. Caruso Re: FedEx Documentation for Transmitting Final Scope Ruling (Dep't Commerce Jan. 23, 2024). Plaintiff commenced this action by filing a Summons with the Court on February 8, 2024. The Summons was therefore timely filed pursuant to section 516A(a)(2)(A)(ii) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(ii), and pursuant to Rules 3(a)(2) and 6(a) of the Rules of the United States Court of International Trade

("USCIT"). This Complaint is also timely filed under the requirements of 19 U.S.C. § 1516a(a)(2)(A) and USCIT Rules 3(a)(2) and 6(a).

## PROCEDURAL HISTORY

5.  On February 15, 2023, Zinus, a U.S. importer, filed a scope request at Commerce to determine whether certain beds it imports from the People's Republic of China, specifically seven models with numerous individual SKUs each individually comprised of wooden panels headboards and/or wooden panel footboards framed and/or supported by metal, are covered by the scope of the Order covering wooden bedroom furniture from China. All of the Zinus metal and wood platform bed models at issue have a wooden panel headboard, and three of the seven models also have a wooden panel headboard and a wooden panel footboard as well. *See* Letter from Arnold & Porter Kaye Scholer LLP to Sec'y of Commerce Re: Wooden Bedroom Furniture from the People's Republic of China: Scope Ruling Request for Zinus Metal and Wood Platform Beds (Feb. 15, 2023) ("*Zinus Scope Ruling Application*").

6.  The Zinus scope ruling inquiry was deemed initiated by Commerce on March 20, 2023. *See* Mem. to the File from L. Caruso Re: Wooden Bedroom Furniture from the People's Republic of China: Deemed Initiation of Scope Inquiry (Dep't Commerce Mar. 20, 2023).

7.  On April 19, 2023, the Petitioners in the case, the American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc., submitted comments to Commerce in opposition of

the Zinus scope application and the Zinus scope interpretation. *See* Letter from King & Spalding LLP to Sec'y of Commerce Re: Petitioners' Response to Zinus' Scope Ruling Application (Apr. 19, 2023). Petitioners provided that the scope language is clear that the existence of metal does not remove a product from the scope when the metal components are sold with a wooden headboard and/or footboard, as is the case with Zinus imports. Petitioners provided the scope language and prior Commerce scope rulings, that are Commerce scope primary interpretive sources, to establish the Department has found such items within the scope on past occasions. *See id.* Zinus responded to Petitioners' comments. *See* Letter from Arnold & Porter Kaye Scholer LLP to Sec'y of Commerce Re: Response to Petitioners' April 19, 2023 Comments on Zinus' Scope Ruling Request (May 3, 2023).

8.　On July 3, 2023, Commerce issued a supplemental scope questionnaire to Zinus with questions on the merchandise composition. Zinus responded to the supplemental scope questionnaire on July 20, 2023. *See* Letter from Arnold & Porter Kaye Scholer LLP to Sec'y of Commerce Re: Zinus' Supplemental Scope Questionnaire Response (Jul. 20, 2023).

9.　Commerce did not issue a preliminary scope ruling for interested parties' comment, but found the Department needed additional time to consider the Zinus scope request and response to the questionnaire. On July 13, 2023, Commerce extended the deadline for issuing the final scope ruling until November 15, 2023.

*See* Commerce Letter Re: Extension of the Deadline to Issue the Final Scope Ruling on Zinus' Metal and Wood Platform Beds (Dep't Commerce Jul. 13, 2023).

10. On August 3, 2023, Plaintiff, CVB, submitted comments to Commerce on the Zinus questionnaire response and the Zinus misapplication of the scope Order. CVB provided that the scope includes "wooden headboards for beds". Wooden headboards are within scope "whether stand-alone or attached to side rails". The scope also includes "wooden footboards for beds". Zinus could not reconcile that its imported merchandise with wooden headboards and/or wooden footboards does not fall within scope language. Consistent with Petitioners' scope comments, as adopted and incorporated in the CVB comments, the Zinus scope position was at odds with scope language and Commerce scope rulings which have found that such items are "substantially of wood" and thus, are in-scope merchandise. U.S. Customs and Border Protection indeed found the Zinus mental and wood platform beds at issue were covered merchandise and Zinus evaded the Order in an Enforce and Protect Act (19 U.S.C. § 1517) investigation. *See* Letter from Appleton Luff to Sec'y of Commerce, Re: Zinus Metal & Wood Platform Beds Scope Inquiry: Comments on Zinus Inc.'s Supplemental Scope Questionnaire Response (Aug. 3, 2023). Zinus responded, opposing CVB's comments. *See* Letter from Arnold & Porter Kaye Scholer LLP to Sec'y of Commerce Re: Response to CVB Inc.'s August 3, 2023 Comments on Zinus' Scope Supplemental Scope Questionnaire Response (Aug. 10, 2023).

11.     On November 14, 2023, Commerce further extended the deadline for issuing the final scope ruling until January 12, 2024. *See* Mem. to The File from L. Caruso Re: Extension of the Deadline to Issue the Final Scope Ruling on Zinus' Metal and Wood Platform Beds (Dep't Commerce Nov. 14, 2023).

12.     On January 11, 2024, without case briefs or a comment period, Commerce issued the final scope ruling. Commerce concluded under 19 C.F.R. § 351.225(k)(1)(i), and based on its prior scope rulings, that the seven models of Zinus' metal and wood platform beds containing wooden headboards and/or footboards are not covered by the scope of the Order. *See generally Metal and Wood Platform Beds Scope Ruling*.

## STATEMENT OF CLAIMS

13.     The Department's decision in the *Metal and Wood Platform Beds Scope Ruling* is unsupported by substantial evidence and is otherwise not in accordance with law, for the reasons described below.

## COUNT I

14.     Paragraphs 1 through 13 are adopted and incorporated herein by reference.

15.     The Department's scope ruling is unsupported by substantial evidence because it ignores record evidence about the Zinus merchandise examined *vis á vis* the plain language of the Order.  The scope of the Order states that it includes "wooden headboards for beds (whether stand-alone or attached to side rails)" and "wooden footboards for beds".  The administrative record in the underlying

6

proceeding contains clear, uncontroverted facts which demonstrated that all of the Zinus beds at issue contained wooden headboards for beds and/or wooden footboards for beds.  The scope decision found that all of the Zinus metal and wood platform bed models examined have a wooden panel headboard, and three of the seven models have a wooden panel headboard along with a wooden panel footboard, which comports the facts set forth in the *Zinus Scope Ruling Application*.  Thus, the Department's decision to exclude all of the Zinus beds from the scope of the Order, notwithstanding these record facts, is unsupported by substantial evidence and should be remanded as a matter of law.

## COUNT II

16.     Paragraphs 1 through 15 are adopted and incorporated herein by reference.

17.     The Department's scope ruling is arbitrary and capricious because it misconstrues the plain language of the scope of the Order by determining that the scope does not include "metal and wood platform beds comprised of wooden panel headboards and/or footboards," when the scope unequivocally states that it covers "wooden headboards for beds (whether stand-alone or attached to side rails)" and "wooden footboards for beds". *See* para. 15 *infra*. Although the Department has the authority to interpret the scope of an antidumping duty order under law and relevant regulations in its determinations, the Department cannot interpret an antidumping order so as to change the scope of it by interpreting it in a manner contrary to its terms. *See, e.g.*, *Duferco Steel, Inc. v. United States*, 296 F. 3d 1087,

1097 (Fed. Cir. 2002) (*citing Eckstrom Indus., Inc. v. United States,* 254 F.3d 1068, 1072 (Fed. Cir. 2001)).

In this case, the Department's scope decision found that Zinus' metal and wood platform beds are not covered by the scope of the Order, despite their having wooden headboards and/or footboards, and as such represents an interpretation of the scope in a manner that is contrary to its terms. Thus, the Department's decision is arbitrary and capricious, and is not in accordance with law.

## COUNT III

18. Paragraphs 1 through 17 are adopted and incorporated herein by reference.

19. The element of the Department's scope ruling which determined that the Zinus metal and wood platform beds examined are not covered by the scope of the Order because they are not "made substantially of wood" is unlawful because it based on an interpretation of the definition of "made substantially of wood products" which is inconsistent with the primary interpretive sources relied upon from prior Department scope rulings for wooden bedroom products under 19 C.F.R. § 351.225(k)(1)(i). Over the course of those proceedings, the Department elaborated upon what constitutes wooden bedroom furniture under the "made substantially of wood products" criterion; however, the Department's scope ruling with respect to Zinus does not comport with those rulings because it inconsistently applies the relevant criterion regarding what is considered to be "substantially made of wood". Thus, the Department's reliance upon those prior rulings in support of its

determination regarding the Zinus merchandise is misguided, unsupported by substantial evidence, and contrary to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) Hold that the *Metal and Wood Platform Beds Scope Ruling* is not supported by substantial evidence and is otherwise not in accordance with law;

(2) Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

(3) Provide such further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Kelly A. Slater
Kelly A. Slater
Emily Lawson
APPLETON LUFF PTE LTD
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
(301) 649-2149

*Counsel to CVB, Inc.*

Dated: March 8, 2024