UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| _____ )<br>CVB, INC., )<br>  )<br>          Plaintiff, )<br>  )<br>and )<br>  )<br>AMERICAN FURNITURE )<br>MANUFACTURERS )<br>COMMITTEE FOR LEGAL TRADE, )<br>  )<br>          Plaintiff-Intervenor, )<br>  )<br>  v. )<br>  )<br>UNITED STATES, )<br>  )<br>          Defendant, )<br>  )<br>and )<br>  )<br>ZINUS, INC., )<br>  )<br>          Defendant-Intervenor. )<br>  )<br>_____ ) | Court No. 24-00036 |

<u>ORDER</u>

Upon consideration of defendant's motion to dismiss, and upon all

other papers and proceedings had herein, it is hereby

Court No. 24-00036

ORDERED that defendant's motion is granted; and it is further

ORDERED that the complaint filed in this action is dismissed

with prejudice.


Dated: _____          _____
       New York, New York            M. MILLER BAKER, JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| _____ ) | |
| CVB, INC., ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN FURNITURE ) | |
| MANUFACTURERS ) | |
| COMMITTEE FOR LEGAL TRADE, ) | |
| ) | |
|       Plaintiff-Intervenor, ) | |
| ) | |
|   v. ) | Court No. 24-00036 |
| ) | |
| UNITED STATES, ) | |
| ) | |
|       Defendant, ) | |
| ) | |
|   and ) | |
| ) | |
| ZINUS, INC., ) | |
| ) | |
|       Defendant-Intervenor. ) | |
| ) | |
| _____ ) | |

DEFENDANT'S MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION AND FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

By:  /s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

*OF COUNSEL:*                    /s/ Alison S. Vicks
FEE PAUWELS                      ALISON S. VICKS
Office of the Chief Counsel      Senior Trial Counsel
   for Trade Enforcement and    U.S. Department of Justice
   Compliance                    Civil Division
U.S. Department of Commerce      Commercial Litigation Branch
                                       P.O. Box 480
                                       Ben Franklin Station
                                       Washington, D.C. 20044
                                       Telephone: (202) 305-7573
                                       E-mail: Alison.S.Vicks@usdoj.gov

July 15, 2024                    Attorneys for Defendant

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................ 2

BACKGROUND ........................................................................................ 4

ARGUMENT ............................................................................................. 5

I.    Standard Of Review ......................................................................... 5

II.   This Action Should Be Dismissed Because
      CVB Lacks Standing ........................................................................ 8

      A.    CVB Does Not Allege Constitutional Standing ...................... 8

      B.    CVB Cannot Demonstrate Constitutional Standing ............ 10

            1.    CVB Cannot Demonstrate A Concrete
                  And Particularized Injury In Fact ...................... 11

            2.    CVB Cannot Demonstrate A Causal
                  Connection Between Any Alleged Injury
                  And The Agency's Conduct ................................. 15

            3.    CVB Cannot Demonstrate That Any Injury It
                  May Suffer Would Be Redressed By A Favorable
                  Decision ............................................................. 16

III.  CVB Lacks Statutory Standing ...................................................... 17

CONCLUSION ........................................................................................ 20

TABLE OF AUTHORITIES

Cases

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500 (2006) ................................................................. 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................. 6, 7

*Association of Data Processing Service Organizations, Inc. v. Camp*,
   397 U.S. 150, 153 (1970) ........................................................ 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................. 6, 7

*Browning v. Clinton*,
   292 F.3d 235 (D.C. Cir. 2002) ................................................. 6

*Clapper v. Amnesty International USA*,
   568 U.S. 398 (2013) ................................................................ 15

*Design Int'l Grp., Inc. v. United States*,
   113 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) .......................... 5

*Food and Drug Administration v. Alliance for Hippocratic Medicine*,
   No. 23-235, 2024 WL 2964140, (U.S. June 13, 2024) ............. 14, 15, 16

*Gladstone Realtors v. Village of Bellwood*,
   441 U.S. 91 (1979) .................................................................. 11

*Inspired Dev. Grp., LLC v. Inspired Prods. Grp.*, LLC,
   938 F.3d 1355 (Fed. Cir. 2019) ............................................... 5

*Koyo Seiko Company, Ltd. v. United States*,
   20 F.3d 1156 (Fed. Cir. 1994) ................................................ 19

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
 572 U.S. 118 (2014) ............................................................................ 17

*Lujan v. Defenders of Wildlife,*
 504 U.S. 555 (1992) ................................................................ 8, 11, 16

*McNutt v. General Motors Acceptance Corp.,*
 298 U.S. 178 (1936) ........................................................................ 6,8

*O'Shea v. Littleton,*
 414 U.S. 488 (1974) .......................................................................... 13

*Spokeo, Inc. v. Robins,*
 578 U.S. 330 (2016), as revised (May 24, 2016) ............................ 10, 11

*Steel Co. v. Citizens For A Better Environment,*
 523 U.S. 83 (1998) .............................................................................. 5

*Thomson v. Gaskill,*
 315 U.S. 442 (1942) ............................................................................ 6

*United Pac. Ins. Co. v. United States,*
 464 F.3d 1325 (Fed. Cir. 2006) .......................................................... 6

*United States Steel Corp. v. United States,*
 97 F.4th 1364 (Fed. Cir. 2024) ............................................ 11, 14, 18

*United States v. Cotton,*
 535 U.S. 625 (2002) ............................................................................ 5

*Warth v. Seldin,*
 422 U.S. 490 (1975) .................................................................. 8, 9, 14

*Yuanda v. United States,*
 918 F.3d 1355 (Fed. Cir. 2019) ........................................................ 13

Statutes
19 U.S.C. § 1637 ..................................................................................... 20

Regulations
19 C.F.R. § 351.225 ........................................................................... 12, 13

*Notice of Amended Final Determination of Sales at Less Than Fair
    Value and Antidumping Duty Order: Wooden Bedroom Furniture
    From the People's Republic of China*, 70 Fed. Reg. 329 (Dep't of
    Commerce Jan. 4, 2005) ........................................................................ 4

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| CVB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| AMERICAN FURNITURE | ) |
| MANUFACTURERS | ) |
| COMMITTEE FOR LEGAL TRADE, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | )    Court No. 24-00036 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| ZINUS, INC., | ) |
| | ) |
| Defendant-Intervenor. | ) |
| | ) |

DEFENDANT'S MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION AND FAILURE
TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade (USCIT R.), defendant the United States respectfully requests that the Court dismiss this action filed by plaintiff, CVB, Inc. (CVB), for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted, because CVB has not alleged (nor could it establish) standing.

## INTRODUCTION

In this action, CVB, an importer of merchandise that is subject to the antidumping order (the *Order*) on wooden bedroom furniture (WBF) from the People's Republic of China (China), challenges the final scope ruling of the Department of Commerce (Commerce) that seven models of metal and wood platform beds imported by Zinus, Inc., are not covered by the *Order*.  Appx1000-1014 (Mem. from L. Caruso to J. Maeder Re: Wooden Bedroom Furniture from the People's Republic of China: Scope Ruling on Zinus Inc.'s Metal and Wood Platform Beds (Dep't of Commerce Jan. 11, 2024) (*Scope Ruling*)).

Although CVB invokes this Court's well-established review over this type of administrative action, CVB's lawsuit is legally deficient. CVB does not allege that it has Article III standing, although CVB is

required to demonstrate that it possesses such standing to proceed in this Court. The complaint is thus facially deficient.

Moreover, CVB, as an importer of subject merchandise, cannot demonstrate any concrete and particularized injury from Commerce's determination that *another* importer's merchandise is *not* subject merchandise. CVB is not a domestic producer, and CVB is not challenging the application of the *Order* to its own merchandise. Indeed, the determination made by Commerce applies only to the specific beds imported by Zinus, and even if the *Scope Ruling* applied to merchandise imported by CVB, CVB would lack an identifiable, concrete, and particularized injury because the relevant merchandise was found to fall outside of the scope of the *Order*. Further, any potential change to CVB's imports or sales as a result of Commerce's *Scope Ruling* does not amount to concrete and particularized injury as required to establish constitutional standing. In short, CVB lacks an identifiable injury from Commerce's determination that another importer's imports are outside the scope. CVB does not have constitutional standing to challenge Commerce's determination that Zinus' seven bed models are not within the scope of the *Order*.

3

In addition, CVB does not have statutory standing.  As a U.S. importer unaffected by the *Scope Ruling*, CVB does not fall within the "zone of interests" protected or regulated by 19 U.S.C. Subtitle IV, as amended.

## BACKGROUND

On November 17, 2004, Commerce issued an antidumping duty order on wooden bedroom furniture from China.  *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture From the People's Republic of China*, 70 Fed. Reg. 329 (Dep't of Commerce Jan. 4, 2005) (*Order*).

On February 15, 2023, Zinus, a U.S. importer, applied to Commerce for a scope ruling and requested that Commerce find that certain beds that it imports from the China were outside the scope of the *Order*.  Appx1015-52 (Zinus's Letter, "Wooden Bedroom Furniture from the People's Republic of China: Scope Ruling Request for Zinus Metal and Wood Platform Beds," dated February 15, 2023).  The original petitioners, the American Furniture Manufacturers Committee for Legal Trade, and a domestic manufacturer, producer, or wholesaler,

Vaughan-Bassett Furniture Company, Inc., filed a response to the scope ruling application, as did CVB.  Appx1560-1568; Appx1705-1724.

On January 11, 2024, Commerce determined that "the seven models of beds {} imported by Zinus, Inc. are not covered by the scope of the antidumping duty order."  Appx1000.

On February 8, 2024, CVB filed this case challenging Commerce's determination that Zinus's imports are not covered by the *Order*.

ARGUMENT

I.    Standard Of Review

Subject-matter jurisdiction "involves a court's power to hear a case, {and} can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  The Court's determination of subject matter jurisdiction is a threshold inquiry.  *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998).  Plaintiffs bear the burden to demonstrate that subject-matter jurisdiction exists.  *Design Int'l Grp., Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Int'l Trade 2015) (citations omitted).  Whether jurisdiction exists is a question of law for the Court.  *Inspired Dev. Grp., LLC v. Inspired Prods. Grp.*, LLC, 938 F.3d 1355, 1360 (Fed. Cir. 2019) (citation omitted).  Further, when "a

5

plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). "{W}hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the {claim} in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A plaintiff's failure to establish standing warrants dismissal for lack of jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189-90 (1936).

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy. *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006). The motion "tests the legal sufficiency of a complaint," *see Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which should be dismissed if it fails to present a legally cognizable right of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When deciding a motion to dismiss for a failure to state a

claim, the Court must determine whether, accepting all factual allegations as true, and ignoring conclusory allegations, the complaint plausibly states a claim for relief. *Iqbal*, 556 U.S. at 678. "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also Iqbal*, 556 U.S. at 662 ("{T}he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Determining whether the factual pleading standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

II.    This Action Should Be Dismissed Because CVB Lacks Standing

A.    CVB Does Not Allege Constitutional Standing

CVB, a U.S. importer of merchandise subject to the *Order*, has not demonstrated that it has Article III standing to bring its suit, even though this is a requirement in an Article III court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must "clearly {} allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). CVB has included no allegations about Article III standing at all and thus utterly fails to meet this burden. *See* Compl. at ¶ 3 (Standing). CVB's complaint is thus facially deficient and should be dismissed. *McNutt*, 298 U.S. at 189-90.

Moreover, even looking beyond the express standing allegations to the complaint more broadly, CVB, an importer of subject merchandise, does not identify any harm that it suffers from Commerce's determination that Zinus's imports are not subject merchandise. Importantly, unlike in many scope cases, CVB is not a domestic producer, the party that most obviously suffers from dumping and thus enjoys statutory protection and entitlement to bring suit. CVB is also

8

not an importer or foreign exporter alleging that its *own* merchandise was erroneously found to be within the scope. CVB is not challenging any determination about entries of subject merchandise that CVB imported.  Thus, CVB's harm cannot be inferred through analysis of the party filing the complaint, as in many scope cases.

No merchandise of CVB is at issue in this case. CVB challenges Commerce's determination that Zinus's imports are outside the scope of the antidumping duty order, but it has failed to demonstrate what stake it has in this determination. CVB has provided no facts to show that it is harmed or that it is a proper party to invoke judicial resolution of any dispute about Commerce's determination. *Warth*, 422 U.S. at 518.

In addition to failing to show a concrete injury, CVB also fails to demonstrate how the remand CVB seeks would redress any harm, and such difficulty is not surprising given that CVB does not allege that it has suffered any harm as a result of Commerce's *Scope Ruling*. Moreover, it is hard to fathom what relief CVB would experience even if *Zinus's* merchandise were found to be within the scope of the *Order*.  In any event, we do not know because CVB does not say, and the Court

should not have to imagine what CVB's harms are because CVB has the burden to plead them.

Finally, CVB's assertion of statutory standing, Compl. ¶ 3, is not correct,[1] and in any event, CVB having such standing would not automatically meet constitutional standing requirements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016) (discussing that a statutory grant of authorization to sue does not automatically satisfy the Article III injury-in-fact requirement). This case should be dismissed for lack of jurisdiction.

B.    <u>CVB Cannot Demonstrate Constitutional Standing</u>

Not only does CVB fail to allege constitutional standing in its complaint, it also will not be able to demonstrate that it has constitutional standing to maintain this action. As a U.S. importer of subject merchandise which does not import products that are subject to this importer-specific *Scope Ruling*, it cannot show a concrete and particularized injury in fact, causation, or redressability.

---

[1] We disagree that CVB has statutory standing, as discussed below.

10

1.    CVB Cannot Demonstrate A Concrete And
Particularized Injury In Fact

CVB cannot demonstrate that it has suffered an injury in fact,
although such a demonstration is required for it to maintain its action
in this Court. *Spokeo, Inc.*, 578 U.S. at 338.  To demonstrate an injury
in fact, a party must demonstrate that the alleged injury is *both*
concrete and particularized. *Lujan*, 504 U.S. at 560 (emphasis added).
To be concrete, an injury must be "de facto," meaning it actually exists.
*Spokeo, Inc.*, 578 U.S. at 340.  To be particularized, the injury must
affect the plaintiff in "a personal and individual way." *Id.* at 339
(internal citations omitted).  To demonstrate these two elements, the
plaintiff must "show that he personally has suffered some actual or
threatened injury as a result of the putatively illegal conduct."
*Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979).

First, CVB cannot articulate an injury in fact because CVB is not
a domestic producer whose production capabilities might be affected by
dumped merchandise. *United States Steel Corp. v. United States*, 97
F.4th 1364, 1366 (Fed. Cir. 2024) ("The purpose of the antidumping
statute is to protect *domestic industries* from injury caused by foreign

11

manufactured goods that are sold at prices below the fair market value of these goods.") (emphasis added).

In addition, the *Scope Ruling* does not apply to merchandise imported by CVB. Scope ruling requests and determinations are governed by 19 C.F.R. § 351.225. In addition to outlining scope ruling application requirements, procedural requirements, and determination considerations, the regulation also outlines the various bases on which a scope ruling may be applied, including "on a producer-specific, exporter-specific, importer-specific basis, or some combination thereof." 19 C.F.R. § 351.225(m)(1)(i). Alternatively, Commerce may apply a scope ruling "to all products from the same country with the same relevant physical characteristics . . . on a country-wide basis, regardless of the producer, exporter or importer of those products." 19 C.F.R. § 351.225(m)(1)(ii). Under the regulations, Commerce has the discretion to make scope ruling determinations that apply only to products imported by a specific importer. In accordance with 19 C.F.R. § 351.225(m)(1)(i), the challenged *Scope Ruling* found only Zinus's specific bed models to be outside the scope of the *Order*. Appx1000. Therefore, the scope ruling on its face does not apply to CVB.

12

Further, this case is unlike *Yuanda v. United States*, 918 F.3d 1355 (Fed. Cir. 2019), where the Federal Circuit found that domestic importers had constitutional standing because a determination that plaintiff Yuanda's curtain walls were in-scope was broadly interpreted to apply to the importers' merchandise as well. Here, Commerce determined that Zinus's imports are *not* subject to the *Order*, and this decision does not apply to CVB.[2] CVB does not have constitutional standing to challenge Commerce's determination that specific merchandise imported by Zinus is out of scope, and such a ruling by this Court would run counter to 19 C.F.R. § 351.225(m)(1)(i) and the principles articulated in *Yuanda*.

Moreover, a purported effect on the importation or sale of subject merchandise by CVB, which has not been alleged, would, in any event, not be sufficiently concrete or particularized to constitute an injury in fact. "Abstract injury" is insufficient. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). A plaintiff must assert that it "has sustained or is immediately in danger of sustaining some *direct* injury." *Id.* (internal

---

[2] And CVB would likely not complain if it did because CVB's merchandise would then, of course, be outside the *Order* as well.

13

quotations omitted).  An allegation that CVB will suffer some impact to its imports or sales of merchandise that is subject to the *Order* as a result of the *Scope Ruling* is abstract in nature, not concrete.  An assertion that CVB has suffered or will suffer some kind of generalized injury by having to compete with *another importer* that sells non-subject products in the U.S. market – just like all general sellers of bedroom furniture in the United States – falls far short of the required standard for concrete injury, and does not comport with the goal of the antidumping statute, in any event.  *Warth*, 422 U.S. at 499 (A "generalized grievance shared in substantially equal measure by all or a large class of citizens" is normally insufficient to constitute concrete injury.); *United States Steel Corp.*, 97 F.4th at 1366 (discussing that the purpose of the antidumping statute is to protect domestic producers).

Finally, any allegation of future impact to CVB's imports or sales is no more than speculation, and a speculative injury will not suffice. *See Food and Drug Administration v. Alliance for Hippocratic Medicine*, No. 23-235, 2024 WL 2964140, at *6 (U.S. June 13, 2024).  There is no evidence on the record to suggest that CVB is at risk of a "certainly impending" injury.  *Clapper v. Amnesty International USA*, 568 U.S.

14

398, 409 (2013).  To allege a "possible future injury" to its sales or imports is insufficient support for a finding of imminent injury.  *Id.*

    2.    CVB Cannot Demonstrate A Causal Connection Between Any Alleged Injury And The Agency's Conduct

Even if CVB could demonstrate an injury to its imports or sales, the nature and context of Commerce's *Scope Ruling* precludes a finding of causation between Commerce's *Scope Ruling* and any changes in CVB's imports or sales.  When the plaintiff is not the party that has been regulated (or not regulated) by agency action, a finding of causation is typically dependent "on the response of the regulated . . . third party to the government action or inaction . . . ." *Food and Drug Administration*, 2024 WL 2964140, at *7 .  In order to successfully assert causation in such a case, the plaintiff must demonstrate "that the third part{y} will likely react in predicable ways that will likely injure the plaintiff}." *Id.*  Because the *Scope Ruling* regulates (or more appropriately, does not regulate) only Zinus, CVB must demonstrate that Zinus's response to the *Scope Ruling* is injuring or will predictably injure CVB.

15

CVB can make no such demonstration because Zinus did not previously pay duties on the merchandise at issue in the *Scope Ruling*. Prior to requesting a scope ruling, Zinus did not declare its seven models of metal and wood platform beds as being subject to the *Order* to U.S. Customs and Border Protection (CBP). Appx1048. This means that Zinus did not previously pay the relevant duties associated with the *Order* when importing these bed models into the United States. When Commerce found this merchandise to be outside of the scope of the *Order*, Zinus continued to not pay duties, so its business has effectively remained the same. In other words, the *Scope Ruling* has not decreased the amount of duties Zinus paid on these beds, nor presumably affected its imports at all. Given this context, CVB cannot demonstrate that Commerce's *Scope Ruling* has or will cause Zinus to change its business in any way, let alone react in a predictable way that will likely injure CVB. *See Food and Drug Administration*, 2024 WL 2964140, at *7.

3.   CVB Cannot Demonstrate That Any Injury It May Suffer Would Be Redressed By A Favorable Decision

This prong of constitutional standing requires that an injury is "likely" to be redressed by a favorable decision. *Lujan*, 504 U.S. at 561.

16

As we explained above, CVB has failed to demonstrate that it suffered an identifiable, concrete, and particularized injury. Accordingly, CVB is unable to demonstrate that a favorable decision would redress such injury.

III. <u>CVB Lacks Statutory Standing</u>

CVB – a domestic importer of foreign manufactured goods that are subject to imposition of antidumping duties pursuant to 19 U.S.C. § 1673 – also cannot demonstrate that it falls within the zone of interests of that statute with respect to Commerce's *Scope Ruling*. Thus, in addition to lacking constitutional standing, CVB does not have statutory standing to maintain its suit.

The zone of interests analysis "asks whether this particular class of persons ha{s} a right to sue under this substantive statute" using "traditional principles of statutory interpretation" in order to limit parties who may sue under statutorily granted causes of action to those who have actually been injured. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127-29 (2014). To properly challenge agency action, then, CVB must demonstrate that its interests are within the "zone of interests" of the statutory provisions that the

17

plaintiff seeks to enforce. *Lexmark*, 572 U.S. at 129; *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153 (1970). Because CVB's interests do not fall within that zone of interests, its claim should be dismissed with prejudice for failure to state a claim. *Lexmark,* 572 U.S. at 127, 128 n. 4.

Section 1673 of Title 19, "Imposition of antidumping duties," authorizes Commerce to impose antidumping duties if it determines that foreign merchandise is being sold at less than fair market value in the United States and "the {United States International Trade Commission} determines that an industry in the United States is materially injured, or is threatened with material injury, or the establishment of an industry in the United States is materially retarded" as result of such imports. Thus, "{t}he purpose of the antidumping statute is to *protect domestic industries* from injury caused by foreign manufactured goods that are sold at prices below the fair market value of these goods." *United States Steel Corp.*, 97 F.4th at 1366 (emphasis added); *accord* "Statement of Administrative Action Accompanying the Uruguay Round Agreements Act," H.R. Doc. 103-316, Vol. 1 (1994) (SAA), at 137 (the purpose of the Act is "{to} preserve{} the

ability of U.S. industries to obtain meaningful relief from dumped imports into the U.S. market{.}").

Domestic producers may challenge a scope ruling finding that an importer's merchandise is outside the scope because they fall within the zone of interests of the statute. *Koyo Seiko Company, Ltd. v. United States*, 20 F.3d 1156 (Fed. Cir. 1994) (The aim of the Act is to protect "domestic manufacturing."). Similarly, foreign producers and exporters, and their U.S. importers, whose merchandise is subject to a scope ruling have a cause of action when Commerce determines their merchandise to be within the scope of an antidumping order, because in fulfilling the purpose of the Act, Commerce is also responsible for ensuring fairness to parties participating in and impacted by a given proceeding. Thus, based on the purpose and language of the statute, an exporter, or its U.S. importer, would reasonably be within the zone of interests to challenge a determination that its own merchandise falls within the scope of an antidumping or countervailing duty order.

The *Scope Ruling* that CVB challenges here is limited to specific products imported by another U.S. importer, Zinus. The zone of interests thus encompasses the domestic industry, which the statute

19

protects from unfair trade practices.  CVB is not a domestic producer.

CVB is also not challenging Commerce's imposition of antidumping

duties on its own subject merchandise.  CVB thus does not have

interests that are within the zone of interests to be protected or

regulated by 19 U.S.C. § 1637.  CVB's disagreement with Commerce's

determination that the beds of another U.S. importer – Zinus – are not

subject to the *Order* does not confer it with standing to sue.  The

complaint should be dismissed.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss

this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

By:  /s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

*OF COUNSEL*:
FEE PAUWELS
Office of the Chief Counsel
    for Trade Enforcement and
    Compliance
U.S. Department of Commerce

/s/ Alison S. Vicks
ALISON S. VICKS
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 305-7573
Alison.S.Vicks@usdoj.gov

July 15, 2024

Attorneys for Defendant