UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER

| | | |
|---|---|---|
| _____ | ) | |
| CVB INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN FURNITURE | ) | |
| MANUFACTURERS COMMITTEE | ) | |
| FOR LEGAL TRADE and | ) | |
| VAUGHAN-BASSET FURNITURE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| v. | ) | Court No:   24-00036 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ZINUS, INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| _____ | ) | |

## ORDER

Upon consideration of defendant and defendant-intervenor's

motion to dismiss, and upon all other papers and proceedings had

herein, it is hereby

ORDERED that defendant and defendant-intervenor's motion is granted; and it is further

ORDERED that the complaint filed in this action is dismissed with prejudice.


Dated: _____        _____
       New York, New York             M. MILLER BAKER, JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER

| | | |
|---|---|---|
| CVB INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Non-Confidential |
| and | ) | Version |
| | ) | |
| AMERICAN FURNITURE | ) | |
| MANUFACTURERS COMMITTEE | ) | |
| FOR LEGAL TRADE and | ) | |
| VAUGHAN-BASSET FURNITURE | ) | Court No:   24-00036 |
| COMPANY, INC., | ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| v. | ) | Business Proprietary |
| | ) | Information removed |
| UNITED STATES, | ) | from page: 12 |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ZINUS, INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

DEFENDANT-INTERVENOR'S MOTION TO DISMISS FOR LACK OF
SUBJECT-MATTER JURISDICTION

*NON-CONFIDENTIAL VERSION*

 /s/ J. David Park
J. David Park
Lynn Fischer Fox
Henry D. Almond
Gina M. Colarusso
Archana Rao P. Vasa

*Counsel to Zinus, Inc.*
*Defendant-Intervenor*

ARNOLD & PORTER KAYE
SCHOLER LLP
601 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20001
PHONE: (202) 942-5646
FAX: (202) 942-5999

Dated: July 15, 2024

## TABLE OF CONTENTS

I.     BACKGROUND ................................................................................. 2

II.    LEGAL STANDARDS ....................................................................... 7

III.   ARGUMENT ..................................................................................... 9

    A.    Plaintiff Has Not Established Injury-in-Fact ....................... 10

    B.    Plaintiff Has Not Alleged a Redressable Injury ................... 15

IV.    CONCLUSION ................................................................................. 17

TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Best Mattresses Int'l Co. Ltd. v. United States,*
    622 F. Supp. 3d 1347 (Ct. Int'l Trade 2023) .......................................... 8

*HiSteel Co. v. United States,*
    653 F. Supp. 3d 1341 (Ct. Int'l Trade 2023) .......................................... 7

*Hollingsworth v. Perry,*
    570 U.S. 693 (2013) ................................................................................ 7

*Lujan v. Defs. Of Wildlife,*
    504 U.S. 555 (1992) .............................................................................. 8, 9

*Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.,*
    7 F.4th 1110 (Fed. Cir. 2021).......................................................... 8, 9, 15

*PAO Severstal v. United States,*
    219 F. Supp. 3d 1411 (Ct. Int'l Trade 2017) ....................................... 16

*Phigenix, Inc. v. Immunogen, Inc.,*
    845 F.3d 1168 (Fed. Cir. 2017) ............................................................ 7

*Spokeo, Inc. v. Robins,*
    578 U.S. 330 (2016) .................................................................. 8, 9, 10, 11

*U.S. Steel Corp. v. United States,*
    33 C.I.T. 984 (2009), *aff'd*, 621 F.3d 1351 (Fed. Cir. 2010)................ 14

*Warth v. Seldin,*
    422 U.S. 490 (1975) .............................................................................. 8

<u>Statutes</u>

19 U.S.C. § 1516a.......................................................................... 6, 11, 13

19 U.S.C. § 1677.......................................................................... 6, 11, 12

28 U.S.C. § 1581(c)......................................................................... 14, 15

28 U.S.C. § 2631.................................................................................. 6, 7, 11

28 U.S.C. § 2631(k)(1)............................................................................. 6, 11

<u>Regulations</u>

19 C.F.R. § 351.225(d)(1)(ii) ........................................................................ 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER

_____

|  |  |  |
|---|---|---|
| CVB INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN FURNITURE | ) | |
| MANUFACTURERS COMMITTEE | ) | |
| FOR LEGAL TRADE and | ) | |
| VAUGHAN-BASSET FURNITURE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| v. | ) | Court No:  24-00036 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ZINUS, INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

_____)

MOTION TO DISMISS FOR LACK OF
SUBJECT-MATTER JURISDICTION

Pursuant to Court of International Trade Rule 12(b)(1), Defendant-

Intervenor Zinus, Inc. ("Zinus") respectfully moves the Court to dismiss

the complaint filed by CVB, Inc. ("Plaintiff"), an importer of wooden bedroom furniture products, for lack of subject-matter jurisdiction. Plaintiff has failed to allege any injury-in-fact or redressable injury as to its claims regarding the U.S. Department of Commerce's (the "Department" or "Commerce") final scope determination regarding certain Zinus-brand metal and wood platform beds imported by Zinus. Although CVB alleges statutory standing, CVB has not established Article III standing as necessary to proceed in this Court.

This motion is timely filed pursuant to the Court's June 4, 2024, Scheduling Order. ECF No. 31.

## I.    BACKGROUND

On February 15, 2023, Zinus filed a scope ruling request with the U.S. Department of Commerce (the "Department" or "Commerce") to determine whether seven models of Zinus-brand metal and wood platform beds it imports from the People's Republic of China are covered by the scope of an anti-dumping duty ("AD") order covering wooden bedroom furniture from China (hereinafter the "Order"). *See* Appx.1015-52 (Letter from Arnold & Porter Kaye Scholer LLP to Sec'y of Commerce Re: Wooden Bedroom Furniture from the People's

Republic of China: Scope Ruling Request for Zinus Metal and Wood Platform Beds (Feb. 15, 2023) ("Zinus Scope Ruling Application")).  On March 20, 2023, Commerce deemed Zinus' scope ruling application accepted and initiated a scope inquiry pursuant to 19 C.F.R. § 351.225(d)(1)(ii).  Appx.1551-52 (Commerce Memorandum Re: Wooden Bedroom Furniture from the People's Republic of China: Deemed Initiation of Scope Inquiry (Mar. 20, 2023)).  On April 3, 2023, Commerce published in the *Federal Register* a notice of scope ruling applications that were filed with Commerce in February 2023, including Zinus' application.  *See Notice of Scope Ruling Applications Filed in Antidumping and Countervailing Duty Proceedings*, 88 Fed. Reg. 19,614 (April 3, 2023).

On July 3, 2023, Commerce released a supplemental questionnaire to Zinus, requesting additional information and explanation regarding the metal beds at issue.  Appx.1323-25.  On July 20, 2023, Zinus submitted its response to Commerce's supplemental scope questionnaire.  Appx.1326-1457.  On August 3, 2023, counsel to Plaintiff CVB entered an appearance in the scope proceeding, stating that CVB Inc. is a U.S. importer of subject merchandise, and provided a

CBP Form 7501 to substantiate its status as an importer of merchandise subject to the Order in support of its application for access to business proprietary information submitted to Commerce under the administrative protective order ("APO application").  Appx.1539-50 (Letter from Appleton Luff to Sec'y of Commerce Re: Wooden Bedroom Furniture from the People's Republic of China Zinus Metal & Wood Platform Beds Scope Inquiry: Documents in Support of Entry of Appearance and APO Application (Aug. 3, 2023)).

Aside from its entry of appearance and APO application, during the scope inquiry proceeding, Plaintiff CVB submitted only a single three-page letter in response to Zinus' July 20, 2023, supplemental questionnaire response, attaching documents from CBP's then on-going Enforce and Protect Act investigation, and expressing support for the arguments earlier made by Petitioners, the American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc. (i.e., Plaintiff-Intervenor).  *See* Appx.1705-24 (Letter from Appleton Luff to Sec'y of Commerce, Re: Zinus Metal & Wood Platform Beds Scope Inquiry: Comments on Zinus Inc.'s Supplemental Scope Questionnaire Response (Aug. 3, 2023)).

After collecting additional supporting documentation and information from Zinus, Commerce determined that the seven models of Zinus metal and wood platform beds, imported by Zinus, are not covered by the scope of the Order.  Appx.1000-14 (Mem. from L. Caruso to J. Maeder Re: Wooden Bedroom Furniture from the People's Republic of China: Scope Ruling on Zinus Inc.'s Metal and Wood Platform Beds (Dep't Commerce Jan. 11, 2024) ("*Metal and Wood Platform Beds Scope Ruling*")).  Specifically, Commerce concluded that the use of wood in the Zinus beds at issue "is not extensive in the composition of the beds" as "only small portions of the visible surfaces of each product at issue are made up of wood, while the vast majority of the products at issue are metal." *Id*. at 13.  Moreover, Commerce found that "the wood components are not integral to Zinus' platform bed compositions to such an extent that if the wood was removed, the resulting products would be substantially different from the original product." *Id*.

On February 8, 2024, Plaintiff CVB initiated this proceeding, challenging Commerce's final scope ruling regarding seven models of Zinus' platform beds.  In its complaint, filed on March 8, 2024, CVB asserts that it has standing to challenge Commerce's determination

because it is "a U.S. importer of wooden bedroom furniture, and was a party that actively participated in the administrative proceeding that led to the *Metal and Wood Platform Beds Scope Ruling*." ECF No. 10 at 2. Thus, CVB states it is an "interested party" within the meaning of 19 U.S.C. § 1516a(f)(3), 19 U.S.C. § 1677(9)(A), and 28 U.S.C. § 2631(k)(1) and "accordingly has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c)." *Id.*

CVB's complaint alleges three counts: (1) Commerce's decision to exclude all of the Zinus beds from the scope of the Order "is unsupported by substantial evidence and should be remanded as a matter of law;" (2) Commerce's decision is arbitrary and capricious "because it misconstrues the plain language of the Order…" and is not in accordance with law; and (3) Commerce's reliance upon prior rulings in support of its determination regarding the Zinus merchandise "is misguided, unsupported by substantial evidence, and contrary to law." ECF No. 10 at 6-9. Plaintiff asks the Court to find that the *Metal and Wood Platform Beds Scope Ruling* is not supported by substantial evidence and is otherwise not in accordance with law and to remand the matter back to Commerce. *Id.* at 9. Plaintiff's complaint does not

address how the *Metal and Wood Platform Beds Scope Ruling* in any way positively or negatively impacts CVB.

Petitioners in the underlying AD proceeding, the American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc., did not pursue an appeal of Commerce's scope determination. On April 8, 2024, Petitioners moved to intervene in this appeal as a matter of right. ECF No. 19. In its motion, Petitioners assert that they have standing to intervene in CVB's appeal pursuant to 28 U.S.C. § 2631(j)(1)(B) and Rule 24(a) of the Rules of this Court. ECF No. 19 at 2.

## II.     LEGAL STANDARDS

The U.S. Constitution limits the federal judiciary to hearing actual cases or controversies. U.S. Const. art. III, § 2, cl. 1; *Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1171 (Fed. Cir. 2017) (citing *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)); *see also HiSteel Co. v. United States*, 653 F. Supp. 3d 1341, 1352 (Ct. Int'l Trade 2023) (finding no concrete injury where the alleged errors in Commerce's adjustments to normal value would have no impact on the resulting antidumping margin). Rooted in the traditional understanding of the case or

controversy clause is the doctrine of standing to sue in federal court, which acts to "ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016), as revised (May 24, 2016). The Supreme Court has explained that "standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). As a result, standing is a "threshold question in every federal case, determining the power of the court to entertain the suit" or individual claims. *Id*.

The Federal Circuit has reiterated that "standing is an essential and unchanging part of the case-or-controversy requirement of Article III" and "extends to when a party seeks judicial review of final agency action." *Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1121 (Fed. Cir. 2021) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992)). Where a plaintiff lacks standing to pursue a claim, that claim must be dismissed. *Best Mattresses Int'l Co. Ltd. v. United States*, 622 F. Supp. 3d 1347 (Ct. Int'l Trade 2023).

A plaintiff must satisfy three elements to establish the "irreducible constitutional minimum" of Article III standing. *Mil.-Veterans Advoc.*, 7 F.4th at 1121 (citing *Lujan*, 504 U.S. at 560). First, a plaintiff must have suffered an injury-in-fact. *Id*. Second, a causal connection must exist between the alleged injury and the conduct of the defendant. *Id*. Third, it must be likely that the injury the plaintiff suffered will be redressable by the requested judicial relief. *Id*.

## III.    ARGUMENT

Plaintiff's challenge of Commerce's *Metal and Wood Platform Beds Scope Ruling* fails in its entirety. In its complaint, Plaintiff asserts that it has standing as a U.S. importer of wooden bedroom furniture and as a party that participated in the administrative proceeding that led to the contested final scope determination. Regardless of its statutory "interested party" status, CVB has failed to establish Article III standing, which is necessary to proceed in this Court. *Spokeo*, 578 U.S. at 341 (discussing that a statutory grant of authorization to sue does not automatically satisfy the Article III injury-in-fact requirement).

Plaintiff has not suffered any injury-in-fact as a result of Commerce's *Metal and Wood Platform Beds Scope Ruling*, which

specifically pertains to certain Zinus-brand products, imported by Zinus, found to be not covered by the scope of the Order. Nor has Plaintiff even offered a theory of how it has allegedly suffered any injury. Relatedly, Plaintiff has not identified any redressable injury because a favorable ruling as to Plaintiff's claims can afford Plaintiff no relief (as it is not harmed by the Department's determination).

### A.    Plaintiff Has Not Established Injury-in-Fact

In order for the claims raised in Plaintiff's complaint to establish harm such that the claims therein are justiciable by this Court, "an injury in fact must be both concrete and particularized," and importantly for this case, "{a} 'concrete' injury must be 'de facto'; that is, it must actually exist." *Spokeo*, 578 U.S. at 341. Where, as here, Congress has established a statutory right to bring a claim, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*.

Here, Plaintiff's complaint contains only one premise to argue why it has proper standing to bring this claim, which is that Plaintiff was an "interested party" that "actively participated" in the underlying scope proceeding within the meaning of 19 U.S.C. § 1516a(f)(3), 19 U.S.C. § 1677(9)(A), and 28 U.S.C. § 2631(k)(1). ECF No. 10 at 2. That is, Plaintiff asserts only a right to a statutory cause of action, which the Supreme Court has squarely clarified is insufficient to satisfy the Article III injury-in-fact requirement. *Spokeo*, 578 U.S. at 341. Even if the court finds that Plaintiff has statutory standing, Plaintiff entirely fails to address how and why it was harmed by the *Metal and Wood Platform Beds Scope Ruling*.

Likewise, there is no "concrete and particularized" evidence in the administrative record which would demonstrate that CVB has suffered "de facto" or actual harm caused by Zinus' imports of seven models of beds found to be outside the scope of the Order. And CVB has not pointed to any. To participate in the underlying proceeding, Plaintiff CVB provided a Customs Form 7501 to support its entry of appearance and APO application in the underlying scope proceeding in accordance with 19 U.S.C. § 1677(9)(A). This Form 7501 showed that Plaintiff

*NON-CONFIDENTIAL VERSION*

**[**

**]**.  The **[**

**]**.  Appx.1543-1646.  This information,

intended to support CVB's claim that it is an importer, may be

sufficient to demonstrate its status as an "interested party" under the

statute, but it is insufficient to establish injury-in-fact under any theory

of harm Plaintiff may advance and therefore insufficient to establish

standing.

On one hand, if Plaintiff imports similar bed models which

incorporate decorative wooden elements but are otherwise constructed

of metal, Plaintiff would suffer no injury, and in fact would *benefit* from

Commerce's finding that such models fall outside the scope of the Order,

as Plaintiff now has strong arguments that its similar models are also

outside the scope of the Order.  On the other hand, if CVB is not an

importer of similar models of beds, it is unclear how Commerce's *Metal*

*and Wood Platform Beds Scope Ruling* would impact it at all.

Moreover, fellow importers generally benefit from Commerce scope

determinations filed by other importers where Commerce determines

the merchandise is outside the scope (as those importers, too, could import merchandise free of antidumping duties).  In either scenario, Plaintiff fails to establish the Article III injury-in-fact requirement because neither the complaint nor the evidence or argument on the record of the underlying proceeding demonstrate how Plaintiff was actually harmed, or in any way impacted, by Commerce's scope ruling.

Moreover, Zinus notes that the procedural posture of this case is unusual.  In a typical challenge to a Commerce determination commenced under Sections 516A(a)(2)(A)(ii) and 516(a)(2)(B)(vi) of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(vi), the domestic producer of the domestic like product suffering a harm from foreign imports, or alternatively, the foreign producer and/or exporter, and their U.S. importer who is directly impacted by duties established as a result of Commerce's findings, brings an action before the Court challenging Commerce's final determinations.  There is a well-established jurisprudence that these parties have standing to bring actions pursuant to which the Court has jurisdiction under 28 U.S.C. § 1581(c).

*NON-CONFIDENTIAL VERSION*

Here, Plaintiff is not a U.S. producer of domestic like product, nor is it a foreign producer or U.S. importer on the receiving end of an adverse decision from Commerce. It is simply an importer of merchandise declared as subject to the underlying Order relevant to Commerce's *Metal and Wood Platform Beds Scope Ruling*. The purpose of the antidumping laws of the United States as outlined in the Tariff Act of 1930 is not to protect an importer from another importer. Rather, "{t}he central aim of the antidumping laws is to protect *domestic industries* from foreign manufactured goods that are sold injuriously in the United States at prices below the fair market value of those goods in their home market." *U.S. Steel Corp. v. United States*, 33 C.I.T. 984, 985 (2009), *aff'd*, 621 F.3d 1351 (Fed. Cir. 2010) (emphasis added). Indeed, this situation appears unprecedented, as counsel is unaware of any other instance in which an importer has sought relief before the Court for Commerce's decision that another importer's merchandise is *not* subject to the scope of an antidumping order. Opening the court's jurisdiction under 28 U.S.C. § 1581(c) to allow importers to seek relief from Commerce scope rulings finding that another importer's products are not subject to the scope of an

14

antidumping order would thus be an expansion of the Court's jurisdiction that is contrary to the fundamental purposes of the antidumping laws.

In sum, Plaintiff has merely asserted that it is entitled to bring this action pursuant to a statutory cause of action, but it has entirely ignored its obligation to establish the elements of Article III standing. Commerce's *Metal and Wood Platform Beds Scope Ruling* relates only to certain bed products imported by Zinus. The underlying scope proceeding and Commerce's determination has nothing to do with CVB or its imports whatsoever. As Plaintiff has not alleged any particular or concrete harm in its complaint, Defendant-Intervenor is not going to speculate on their theory of harm and submits that the Court should dismiss this action outright.

## B.    Plaintiff Has Not Alleged a Redressable Injury

In addition to alleging an injury-in-fact, a plaintiff must also show that it is likely, rather than merely speculative, that a favorable judicial decision will redress that injury. *Mil.-Veterans Advoc.*, 7 F.4th at 1121. Plaintiff has also failed in this regard, as it has not alleged any injury redressable by a favorable decision from this Court.

Just as the alleged errors with Commerce's determination that the imports of another importer, Zinus, are excluded from the scope of the Order do not impact Plaintiff whatsoever, correction of the alleged errors likewise cannot prospectively impact Plaintiff's imports. Even if Plaintiff is able to come up with a theory of alleged injury (which it has so far failed to do), it is impossible for a favorable decision from the Court on Plaintiff's claims to redress any injury suffered by Plaintiff. Commerce's *Metal and Wood Platform Beds Scope Ruling* is a fact-specific finding that relates only to certain specified products imported by Zinus. Even if the Court ultimately remanded Commerce's *Metal and Wood Platform Beds Scope Ruling* or outright found Commerce's determination to be unlawful, such result would have no bearing on CVB or its imports. *See PAO Severstal v. United States*, 219 F. Supp. 3d 1411, 1415 (Ct. Int'l Trade 2017) ("Severstal's desired outcome of a remand would not remediate any actual or imminent injury . . . Attempts by this court to reconcile Severstal's hypothetical harm would thus constitute an impermissible advisory opinion.").

*NON-CONFIDENTIAL VERSION*

## IV.    CONCLUSION

Plaintiff has failed to establish the elements of Article III standing as it has not alleged any injury-in-fact nor has it identified any redressable injury because a favorable ruling as to Plaintiff's claims can afford Plaintiff no relief (as it is not harmed by Commerce's determination).  Thus, the Court lacks subject-matter jurisdiction over the Complaint and should dismiss this case.

Respectfully submitted,

/s/ J. David Park
J. David Park
Lynn Fischer Fox
Henry D. Almond
Gina M. Colarusso
Archana Rao P. Vasa

*Counsel to Zinus, Inc.*
*Defendant-Intervenor*

ARNOLD & PORTER KAYE
SCHOLER LLP
601 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20001
PHONE:  (202) 942-5646
FAX:  (202) 942-5999

**Dated:  July 15, 2024**